UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SABAL TRAIL TRANSMISSION, LLC,

    Plaintiff,

v.

+/- 8.92 ACRES OF LAND IN SUMTER COUNTY FLORIDA, LONG HAMMOCK RANCH, II, LLC, AND UNKNOWN OWNERS IF ANY,

    Defendants.
_____/

Case No: 5:16-cv-226-Oc-30PRL
Tract No(s): GSA-FL-SUM-009.000
GSA-FL-SUM-010.000

# ORDER

At a hearing on May 13, 2016, the parties informed the Court that Defendant Long Hammock Ranch, LLC has stipulated to the granting of Plaintiff Sabal Trail Transmission LLC's ("Sabal Trail") Motion for Partial Summary Judgment (Doc. 3) and Motion for Preliminary Injunction (Doc. 4) confirming Sabal Trail's right to condemnation and for immediate possession.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.    Plaintiff Sabal Trail Transmission LLC's Motion for Partial Summary Judgment (Doc. 3) is GRANTED.

2.    Plaintiff Sabal Trail Transmission LLC's Motion for Preliminary Injunction (Doc. 4) is GRANTED.

3.    Sabal Trail Transmission, LLC may immediately access and possess the

easement areas described and depicted in the form Grant of Easement attached as Exhibit A, pursuant to the terms and conditions of Exhibit A and the Agreement Regarding Grant of Easement negotiated between the parties, for the purpose of constructing and operating the subject pipeline project in accordance with the Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission (Docket No. CP15-17-000).

4. Plaintiff shall deposit $104,600.00 into the Registry of the Court.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of June, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

**Prepared By:**
Scott A. McLaren, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd, Suite 3700
Tampa, FL 33629

**Return to:**
Sabal Trail Transmission, LLC
Michael T. Laverty
P.O. Box 120129
Clermont, Florida 34712

## GRANT OF EASEMENT

**STATE OF FLORIDA**

**COUNTY OF SUMTER**                         **TRACT NO. GSA-FL-SUM-009.000**
                                                                    **GSA-FL-SUM-010.000**

**THIS GRANT OF EASEMENT** (the "Grant of Easement") is executed to be effective as of the ___ day of _____, 2016, by **LONG HAMMOCK RANCH II, LLC**, a Florida limited liability company, whose address for purpose of this grant is 5041 SE 18th Street, Ocala, Florida 34480-8700, ("**Grantor**"), in favor of **SABAL TRAIL TRANSMISSION, LLC**, a Delaware limited liability company, whose address is 5400 Westheimer Court, Houston, Texas 77056 ("**Grantee**").

### RECITALS

**WHEREAS**, Grantor is the owner in fee simple of that certain real property which is located in Section 18, Township 18 South, Range 22 East and in Section 19, Township 18 South, Range 22 East, Sumter County, Florida, and being the same land described in that certain Special Warranty Deed executed by Hildreth T. Stalnaker, as Successor Trustee of the William R. Stalnaker Trust dated April 27, 1993, as amended, in favor of Grantor, dated March 7, 2012, and recorded March 14, 2012, in Official Records Book 2422, Page 768, Public Records of Sumter County, Florida ("**Grantor Fee Property**"); and

**WHEREAS**, Grantee is constructing a pipeline for the purpose of transporting natural gas ("**Pipeline**") and desires a permanent easement over, under and through a portion of Grantor Fee Property for the Pipeline Facilities, as hereinafter defined; and

**WHEREAS**, Grantee further desires a temporary easement over a portion of Grantor Fee Property for the purpose of temporary workspace during the construction of the Pipeline Facilities; and

**WHEREAS**, Grantor has agreed to grant to Grantee an exclusive permanent easement over, under and through a portion of Grantor Fee Property for the Pipeline Facilities and a

temporary easement over a portion of Grantor Fee Property for construction upon the terms and conditions set forth herein.

KNOWN ALL BY THESE PRESENTS: that Grantor, for and in consideration of the sum of Ten and No/100ths Dollars ($10.00), and other good and valuable consideration paid by Grantee, Grantor hereby grants to Grantee as follows:

1. Grant of Easements

    1.1. Grant of Permanent Easement. Grantor hereby grants, bargains, sells, assigns and conveys to Grantee an exclusive, permanent easement ("**Permanent Easement**") over, under, and through the property legally described on **Exhibit "A"** attached hereto and made a part hereof by this reference ("**Permanent Easement Property**"), for the purpose of constructing, laying, installing, maintaining, operating, inspecting, altering, repairing, replacing, and removing one (1) 36-inch underground Pipeline for the transportation of natural gas, together with fittings, connections, pipeline markers, cathodic and other protection equipment used or useful in the construction, use, operation, repair, replacement, maintenance and removal of the Pipeline, and to erect, operate, maintain, repair and remove underground data and communications equipment and other appurtenances which are used or useful to the operation or maintenance of the Pipeline (the Pipeline together with all necessary and useful appurtenances thereto are sometimes collectively referred to as the "**Pipeline Facilities**"). This Permanent Easement does not allow, and specifically excludes, any and all above ground improvements other than above ground pipeline markers, AC mitigation devices and cathodic protection devices. The Permanent Easement Property shall be 50 feet in width and is depicted as the "Permanent Easement Area" on the survey attached as **Exhibit "A"** ("**Easement Survey**"). In order to access the Permanent Easement Property, the Permanent Easement includes the right of ingress and egress over, upon and across the Permanent Easement Property, but does not include any rights to ingress and egress over any other portion of Grantor Fee Property, except as set forth in Section 1.2 below. The right of ingress and egress over, upon and across the Permanent Easement Property is limited to access for the purpose of constructing and maintaining the Pipeline Facilities and for vegetative restoration and is not to be construed as a general grant of access easement.

    1.2 Grant of Temporary Construction Easement. Grantor hereby grants, bargains, sells, assigns and conveys to Grantee a temporary construction easement over, upon and across the property as shown on the Easement Survey ("**Temporary Construction Easement Property**"), as may be necessary to conduct Grantee's construction activities in connection with the Pipeline Facilities and/or as may be necessary to store equipment and materials during the construction of the Pipeline Facilities ("**Temporary Construction Easement**"). The Temporary Construction Easement Property is depicted as "Temporary Workspace" and "Additional Temporary Workspace" on the Easement Survey. In order to access the Temporary Construction Easement Property, the Temporary Construction Easement includes a temporary easement for ingress and egress over, upon and across the Temporary Construction Easement Property, but does not include any rights to ingress and egress over any other portion of Grantor Fee Property, except as set forth in Section 1.1.

1.3     Compensation to Grantor Fee Property. Grantor and Grantee agree that the above mentioned consideration included payment for all damages for the construction of Pipeline Facilities, including any severance damages to Grantor Fee Property. However, after the Pipeline Facilities have been constructed hereunder, Grantee shall not be liable for damages within the Permanent Easement in the future which are solely caused by keeping the Permanent Easement clear of trees, undergrowth, brush, structures, or any other obstructions that interfere with the use of the Permanent Easement.

2. Termination of Temporary Construction Easement. The Temporary Construction Easement and all rights related thereto shall terminate and all rights to the Temporary Construction Easement Property shall revert back to Grantor no later than June 1, 2018. However, following the reversion of the Temporary Construction Easement Property, Grantee will still be permitted access limited to this area, for a period of two (2) years for the limited purpose, to monitor and maintain the re-vegetative restoration of the Temporary Construction Easement Property in accordance with Grantee's federal and state authorizations for the Pipeline installation. During this two (2) year monitoring period, Grantor's use of the Temporary Construction Easement Property shall not be limited, except that such use shall not interfere with Grantee's vegetative restoration activities.

3. Termination of Easement. In the event Grantee fails to commence construction of the Pipeline on the Permanent Easement Property prior to December 31, 2020, this Grant of Easement shall terminate and shall be null and void, and Grantee shall record in the Public Records of Sumter County, Florida a release of all rights and interests granted under this Grant of Easement.

4. Pipeline. The Pipeline shall not exceed thirty-six inches (36") in diameter and shall be buried to a minimum depth of forty-eight inches (48") from the top of the Pipeline to the existing surface of the ground. The Pipeline shall only be used for the purpose of transporting natural gas.

5. Reservation of Rights. Grantor reserves the right to use Grantor Fee Property for any lawful purpose not inconsistent with Grantee's rights herein granted by Grantor and which does not interfere with Grantee's use of the Permanent Easement and/or Temporary Construction Easement. Notwithstanding the foregoing, Grantor shall not change the grade of, excavate, fill or flood the Permanent Easement Property, or interfere with the Grantee's vegetative maintenance activities to the extent deemed necessary by Grantee. In accordance with the terms of that certain Agreement regarding Grant of Easement by and between Grantor and Grantee dated of even date herewith, Grantor shall obtain Grantee's approval of all planned road crossings and parking areas impacting the Permanent Easement Property.

6. Rights of Grantee. This Grant of Easement shall include, and Grantee shall have, all other rights and benefits necessary or convenient for the full enjoyment of the use of the rights herein granted, including but not limited to: the rights to remove, clear and to keep clear, in the exercise of Grantee's reasonable discretion and with no additional compensation to Grantor, all buildings, walls or similar structures, above or below ground swimming pool, decks, pipelines and conduits, septic systems, leach fields, wells, rocks, trees, brush, limbs and any other structures or obstructions in or on the Permanent Easement Property which might interfere with

the use of the Permanent Easement or the free and full right of ingress and egress; and to do any other lawful activities which are incidental to or helpful for the intended uses of the Permanent Easement set forth above.

7. <u>Benefits and Burdens</u>. This Grant of Easement shall run with the land and be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors and assigns. Without limiting the generality of the foregoing, it is further understood and agreed that the rights and benefits granted to Grantee by this Grant of Easement may be assigned, in whole or in part, and shall inure to the benefit of Grantee's assignees, contractors, subcontractors and agents.

8. <u>Mortgage Subordination</u>. Any mortgage or deed of trust affecting any portion of the property encumbered hereby shall at all times be subject and subordinate to the terms of this Grant of Easement and any party foreclosing any such mortgage or deed of trust, or acquiring title by deed in lieu of foreclosure or trustee's sale, shall acquire title subject to all of the terms and provisions of this Grant of Easement.

9. <u>No Waiver</u>. The failure of Grantee to exercise any rights herein conveyed in any single instance shall not be considered a waiver of such rights and shall not bar Grantee from exercising any such rights in the future, or if necessary, seeking an appropriate remedy in conjunction with such rights.

(signatures on next pages)

Page 4 of 7
GSA-FL-SUM-009.000 and 010.000
Long Hammock Ranch II, LLC

**IN WITNESS WHEREOF,** the Grantor has executed this Grant of Easement as of the day and year first set forth above.

Signed, sealed and delivered
in the presence of:

**GRANTOR:**

**LONG HAMMOCK RANCH II, LLC**, a Florida limited liability company

_____
Name:_____
(Print or Type Name)

By:_____
   James R. Jernigan, Jr., Manager

_____
Name:_____
(Print or Type Name)

(Corporate Seal)

STATE OF FLORIDA
COUNTY OF _____

The foregoing instrument was acknowledged before me this \_\_\_\_ day of _____, 2016, by James R. Jernigan, Jr., as Manager of Long Hammock Ranch II, LLC, a Florida limited liability company, on behalf of the company. He ☐ is personally known to me or ☐ has produced _____ as identification.

[Affix Notarial Seal or Stamp]

_____
Notary Public

_____
(Type, Print or Stamp Name)

My Commission Expires:

| | |
|---|---|
| Signed, sealed and delivered<br>in the presence of: | **GRANTOR:**<br><br>**LONG HAMMOCK RANCH II, LLC**, a<br>Florida limited liability company |

_____  By:_____
Name:_____     Lacy Jernigan Sapp, Manager
    (Print or Type Name)

                                                                      (Corporate Seal)

_____
Name:_____
    (Print or Type Name)

STATE OF FLORIDA
COUNTY OF _____

    The foregoing instrument was acknowledged before me this \_\_\_\_ day of _____, 2016, by Lacy Jernigan Sapp, as Manager of Long Hammock Ranch II, LLC, a Florida limited liability company, on behalf of the company. She ☐ is personally known to me or ☐ has produced _____ as identification.

[Affix Notarial Seal or Stamp]

                                           _____
                                           Notary Public

                                           _____
                                           (Type, Print or Stamp Name)

                                           My Commission Expires:

EXHIBIT "A"



EXHIBIT A                                                                                      Page 1 of 1

SABAL TRAIL TRANSMISSION
AREA OF PERMANENT EASEMENT
C18-003
CITY OF WILDWOOD, SUMTER COUNTY, FLORIDA

**Permanent Easement Area**

A permanent easement of 50 feet width, in, over and across land now or formerly of LONG HAMMOCK RANCH II, LLC, A FLORIDA LIMITED LIABILITY COMPANY (Grantor), lying in Section 18 - Township 18S - Range 22E in the City of Wildwood, Florida, designated as assessor tract C18=003 with the County of Sumter Property Appraiser, and more particularly described in Book 2422 Page 768 with the Official Records of the Clerk of Courts of Sumter County (OR). Said permanent easement is defined as an offset each side of a proposed pipeline centerline and is more particularly described as follows:

Beginning at a point of intersection of the easterly boundary of other land now or formerly of LONG HAMMOCK RANCH, LLC, A FLORIDA LIMITED LIABILITY COMPANY, designated as tract C18=002 and more particularly described in Book 2422 Page 760, with said proposed pipeline centerline, said POINT OF BEGINNING having a UTM Zone 17 North NAD83 (2007) US Survey Feet Coordinate of North 10,497,368.41 and East 1,274,308.35, where said permanent easement is defined as being 50 feet in width, 25 feet offset each side of said proposed pipeline centerline, thence passing through said land of the Grantor along said proposed pipeline centerline the following course and distance:

S 42° 24' 26" E          a distance of 1,571.37 feet, more or less to a point of intersection of the northerly boundary of other land now or formerly of LONG HAMMOCK RANCH II, LLC, A FLORIDA LIMITED LIABILITY COMPANY, designated as tract C19=001 and more particularly described in Book 2422 Page 768 with said proposed pipeline centerline, and the POINT OF TERMINATION, which concludes the defined permanent easement as it pertains to the Grantor's land described herein (said POT having a UTM Zone 17 North NAD83 (2007) US Survey Feet Coordinate of North 10,496,208.16 and East 1,275,368.08).

The above described Permanent Easement Area contains 1.803 acres more or less, and is also depicted on a plat prepared by SGC Engineering, LLC entitled: "GSA-FL-SUM-009.000 - PERMANENT PIPELINE EASEMENT & TEMPORARY WORKSPACE AREAS, OWNER: "LONG HAMMOCK RANCH II, LLC", Dated: June 9th 2015, previously unrecorded but made a part of this conveyance.

The intent of this deed is to describe and convey a contiguous permanent easement of 50 feet width, herein defined as an offset each side of a proposed pipeline centerline, in as much the Grantor has rights from other land now or formerly of LONG HAMMOCK RANCH, LLC, A FLORIDA LIMITED LIABILITY COMPANY (C18=002) to other land now or formerly of LONG HAMMOCK RANCH II, LLC, A FLORIDA LIMITED LIABILITY COMPANY (C19=001). Easement limits propagate by, along, and through the land of the Grantor, to the extent as shown on EXHIBIT A or as a subsequent boundary survey may determine.

                                                                                      Raymond J. Hintz
                                                                                      State of Florida
                                                                     Professional Surveyor and Mapper No. PSM4908

Legal_GSA-FL-SUM-009.000.docx                                                               June 9, 2015



Exhibit A — GSA-FL-SUM-010.000 — Permanent Pipeline Easement & Temporary Workspace Areas, Long Hammock Ranch II, LLC, Section 19, Township 18S, Range 22E, Wildwood, Sumter County, FL — Sabal Trail.

EXHIBIT A

Page 1 of 1

SABAL TRAIL TRANSMISSION<br>
AREA OF PERMANENT EASEMENT<br>
C19=001<br>
CITY OF WILDWOOD, SUMTER COUNTY, FLORIDA

**Permanent Easement Area**

A permanent easement of 50 feet width, in, over and across land now or formerly of LONG HAMMOCK RANCH II, LLC, A FLORIDA LIMITED LIABILITY COMPANY (Grantor), lying in Section 19 - Township 18S - Range 22E in the City of Wildwood, Florida, designated as assessor tract C19=001 with the County of Sumter Property Appraiser, and more particularly described in Book 2422 Page 768 with the Official Records of the Clerk of Courts of Sumter County (OR). Said permanent easement is defined as an offset each side of a proposed pipeline centerline and is more particularly described as follows:

Beginning at a point of intersection of the southerly boundary of other land now or formerly of LONG HAMMOCK RANCH II, LLC, A FLORIDA LIMITED LIABILITY COMPANY, designated as tract C18=003 and more particularly described in Book 2422 Page 768, with said proposed pipeline centerline, said POINT OF BEGINNING having a UTM Zone 17 North NAD83 (2007) US Survey Feet Coordinate of North 10,496,208.16 and East 1,275,368.08, where said permanent easement is defined as being 50 feet in width, 25 feet offset each side of said proposed pipeline centerline, thence passing through said land of the Grantor along said proposed pipeline centerline the following course and distance:

S 42° 24' 26" E    a distance of 1,821.93 feet, more or less to a point of intersection of the northerly boundary of other land now or formerly of LONG HAMMOCK RANCH, LLC, A FLORIDA LIMITED LIABILITY COMPANY, designated as tract C19=029 and more particularly described in Book 2422 Page 760 with said proposed pipeline centerline, and the POINT OF TERMINATION, which concludes the defined permanent easement as it pertains to the Grantor's land described herein (said POT having a UTM Zone 17 North NAD83 (2007) US Survey Feet Coordinate of North 10,494,862.91 and East 1,276,596.78).

The above described Permanent Easement Area contains 2.091 acres more or less, and is also depicted on a plat prepared by SGC Engineering, LLC entitled: "GSA-FL-SUM-010.000 - PERMANENT PIPELINE EASEMENT & TEMPORARY WORKSPACE AREAS, OWNER: "LONG HAMMOCK RANCH II, LLC", Dated: June 9th 2015, previously unrecorded but made a part of this conveyance.

The intent of this deed is to describe and convey a contiguous permanent easement of 50 feet width, herein defined as an offset each side of a proposed pipeline centerline, in as much the Grantor has rights from other land now or formerly of LONG HAMMOCK RANCH II, LLC, A FLORIDA LIMITED LIABILITY COMPANY (C18=003) to other land now or formerly of LONG HAMMOCK RANCH, LLC, A FLORIDA LIMITED LIABILITY COMPANY (C19=029). Easement limits propagate by, along, and through the land of the Grantor, to the extent as shown on EXHIBIT A or as a subsequent boundary survey may determine.

_____<br>
Raymond J. Hintz<br>
State of Florida<br>
Professional Surveyor and Mapper No. PSM4908

Legal_GSA-FL-SUM-010.000.docx                                             June 9, 2015